IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE WHITE, individually and on behalf of all others similarly situated | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  CIVIL NO. 11-971-GPM ) |
| VNA HOMECARE, INC., d/b/a VNA-TIP Homecare, a domestic corporation, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which is a putative class action, is before the Court on a motion for partial dismissal of the claims of Plaintiff Michelle White brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendant VNA Homecare, Inc. ("VNA"), d/b/a VNA-TIP Homecare, for failure to state a claim upon which relief can be granted (Doc. 27). White is a registered nurse who worked from March 29, 2011, until August 26, 2011, for VNA, a company that furnishes hospice and other in-home medical services from over thirty branches in southern Illinois and eastern Missouri and that White claims is the largest independent home care provider in the southern Illinois and eastern Missouri region. White claims that VNA routinely required her and other VNA employees to work in excess of forty hours per week without paying White or her fellow employees overtime compensation for their work in excess of forty hours per week. In White's operative complaint in this case (Doc. 25), White asserts claims against VNA under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*., the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act

("IWPCA"), 820 ILCS 115/1 *et seq*. White seeks to represent a class defined in her operative complaint as follows:

> All individuals who were employed by Defendant as Field [Registered Nurse ("RN")] Staff, Field [Licensed Practical Nurse ("LPN"] Staff, Field [Certified Assistant Nurse "CAN")] Staff, and Therapy Staff in Illinois at any time during the relevant statute of limitations period who worked more than forty (40) hours in a week, pursuant to contracts and/or agreements to perform such work and receive overtime pay (1.5 times base rate) for doing so, but did not receive overtime pay.

Doc. 25 at 11(F). VNA in turn has moved to dismiss White's claim under the IWPCA for failure to state a claim upon which relief can be granted. The motion has been fully briefed, and the Court rules as follows.

As an initial matter, the Court notes the standard under which it must evaluate the instant motion to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Rea v. Illinois Dep't of Corr.*, Civil No. 11-872-GPM, 2012 WL 967578, at *1 (S.D. Ill. Mar. 21, 2012); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Payne v. Schneider Nat'l Carriers, Inc.*, Civil No. 09-559-GPM, 2010 WL 685819, at *1 (S.D. Ill. Feb. 22, 2010); *Wooden v. Barone*, No. 06-CV-790-JPG, 2007 WL 2481170, at *2 (S.D. Ill. Aug. 29, 2007). A complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is

plausible on its face," that is, the claim has not been "nudged ... across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl.*, 550 U.S. at 555) (brackets, citations, and internal punctuation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, although, as noted, the purpose of a Rule 12(b)(6) motion is merely to test the adequacy of a pleading, in ruling on such a motion, a court can treat as part of the pleadings documents that are "referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). *See also Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).[1]

---

1. The Court notes this exception to the general rule that, in evaluating a Rule 12(b)(6) motion, the Court is confined strictly to the allegations of the pleadings simply because analysis of the issue of whether White has stated an IWPCA claim involves some examination of VNA's employee handbook. The handbook is a document that is referenced in White's complaint and that is central to her IWPCA claim in this case, so that the Court may consider the handbook in ruling on the instant motion to dismiss. It should be pointed out as well that although, as already has been discussed, White seeks to represent a class, at this juncture the Court's concern is solely with whether White, as the named Plaintiff in this case, has stated a claim upon which relief can be granted under federal and state law. *See Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) ("[U]ntil [class] certification [is granted] there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff[ ].").

The gist of VNA's motion to dismiss White's claim under the IWPCA is that White has failed to allege adequately the existence of a contract between her and VNA for the payment of overtime. The IWPCA provides, in relevant part, that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3. The statute provides also that "'wages' shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2. In addition, the IWPCA states that "[a]ny employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . in a civil action . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 115/14(a). Moreover, "[i]n a civil action [under the IWPCA], such employee shall also recover costs and all reasonable attorney's fees." *Id*. Employers who willfully violate the IWPCA are guilty of a misdemeanor. *See* 820 ILCS 115/14(a-5). In this case, White alleges willful violation of the IWPCA by VNA. "The [IWPCA] defines wages or final compensation as 'any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties.' Claims for wages or final compensation are thus akin to breach of contract actions." *Byung Moo Soh v. Target Mktg. Sys., Inc.*, 817 N.E.2d 1105, 1107-08 (Ill. App. Ct. 2004) (quoting 820 ILCS 115/2). However, while claims under the IWPCA are akin to actions for breach of contract, they are not common-law contract actions, and an employee is not required to prove the existence of an enforceable contract to recover under the statute. "Although a plaintiff must prove the existence of a valid and enforceable contract in order to recover

under a common law action for breach of contract, the same cannot be said in an action under the [IWPCA] . . . . [A] plaintiff need not have a valid, enforceable contract in order to recover under the [IWPCA]." *Catania v. Local 4250/5050 of Commc'ns Workers of Am.*, 834 N.E.2d 966, 972 (Ill. App. Ct.. 2005). "[I]n order to state a claim under the [IWPCA], the existence of either an employment contract or agreement is required . . . . [T]he language of the statute on this point is crucial because an agreement is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an agreement without the formalities and accompanying legal protections of a contract." *Id*. (quotation and brackets omitted). "Because the existence of a formally negotiated contract is not necessary under the [IWPCA], . . . a plaintiff 'seeking to recover under it does not need to plead all contract elements if she can plead facts showing mutual assent to terms that support the recovery.'" *Id*. (quoting *Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1059 (Ill. App. Ct. 2005)). *See also Zabinsky v. Gelber Group, Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004) (the IWPCA "provides an employee with remedies more expansive than a common law breach of contract action when it uses the words 'employment contract or agreement.'") (emphasis omitted).

  In this instance, White clearly alleges the existence of a contract or agreement with VNA to pay her and similarly-situated employees overtime: "Plaintiff and the class regularly worked more than 40 hours per week during their employment, pursuant to a contract and/or agreement to do so and receive overtime pay (1.5 times base rate), but were not paid overtime." Doc. 25 at 9 ¶ 33. White further alleges that "Defendant failed to pay the Plaintiff and members of the Class overtime pay that was due and owing, which were wages earned during the semi-monthly pay period prescribed by law." *Id*. at ¶ 38. These allegations are sufficient to state a claim for a violation of

the IWPCA. Additionally, White points to the terms of employment set out in VNA's employee handbook. The handbook explains with respect to "EXEMPT STATUS" that "[t]he terms 'exempt' and 'non-exempt' are used in these policies as they are defined in the [FLSA] as issued by the U.S. Department of Labor, and refer to the exemptions and non-exemptions in the [FLSA]." *Id.*, Ex. 1 at 15(E). The employees who are exempt from the minimum wage and maximum hour requirements of the FLSA set out in 29 U.S.C. § 206 and 29 U.S.C. § 207, respectively, are defined in 29 U.S.C. § 213; none of the statutory exemptions apply to White or the members of the proposed class. Also, the handbook specifically identifies as employees who are not exempt from the wage and hour requirements of the FLSA as Field RN Staff, Field LPN Staff, Field CAN Staff, and Therapy Staff. *See* Doc. 25, Ex. 1 at 15(E)(2). The handbook states that employees exempt from the FLSA do not receive overtime pay. *See id.* at 16(F)(2), (F)(3). However, with respect to non-exempt employees, the handbook states, "Overtime for Non-Exempt Employees is allowed only with written permission and approval of the President or Directors." *Id.* at 16(F)(1). In light of the allegations of White's complaint and the terms of employment set out in VNA's employee handbook, it appears that White adequately has stated the existence of a contract or agreement for VNA to pay White and similarly-situated employees overtime pay.[2] Therefore, VNA's motion for dismissal of White's claim under the IWPCA for failure to state a claim upon which relief can be granted will be denied.

---

2. It is worth noting that, under Illinois law, written disclaimers in employee handbooks can defeat a claim of mutual assent asserted by an employee. *See Harris v. Seyfarth Shaw LLP*, No. 09 C 3795, 2010 WL 3701322, at *2 (N.D. Ill. Sept. 9, 2010); *Skelton v American Intercontinental Univ. Online*, 382 F. Supp. 2d 1068, 1075 (N.D. Ill. 2005). However, nothing in VNA's employee handbook, which is attached in its entirety to White's response to VNA's motion to dismiss, disclaims an agreement to pay non-exempt employees overtime or otherwise evidences a lack of mutual assent between VNA and its employees on this issue.

To conclude, for all of the foregoing reasons, VNA's motion to dismiss White's claim under the IWPCA for failure to state a claim upon which relief can be granted (Doc. 27) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: April 25, 2012

                                        /s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        United States District Judge