IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE WHITE, individually, and on Behalf of All Others Similarly Situated,  )<br>)<br>) | |
| Plaintiffs,  )<br>) | |
| v.  )<br>) | Case No.: 3-11-cv-00971-DRH-PMF |
| VNA HOMECARE, INC., d/b/a VNA TIP HOMECARE, a Domestic Corporation,  )<br>)<br>) | |
| Defendant.  )<br>) | |

### DEFENDANT VNA HOMECARE, INC.'S MOTION TO CONSOLIDATE

COMES NOW Defendant VNA Homecare, Inc., d/b/a VNA Tip Homecare ("VNA"), by and through its attorneys, and, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, herewith moves the Court to consolidate the instant case with the following cases: (a) Beck, for herself and on behalf of similarly situated others, v. VNA Homecare Inc., d/b/a/ VNA-TIP Homecare, Case No. 12-CV-00330-DRH-PMF; (b) Hatfield, for herself and on behalf of similarly situated others, v. VNA Homecare Inc., d/b/a/ VNA-TIP Homecare, Case No. 12-CV-00331-JPG-SCW; and (c) Marlow and Smith, for themselves and on behalf of similarly situated others, v. VNA Homecare Inc., d/b/a/ VNA-TIP Homecare, Case No. 12-CV-00332-MJR-DGW. All four cases are currently pending before the United States District Court, Southern District of Illinois.  Defendant VNA submits the following in support of its Motion.

1.     Pursuant to Fed. R. Civ. P. Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The determination of whether consolidation is appropriate lies

within the discretion of the trial court.  <u>Disher v. Citigroup Global Markets, Inc.</u>, 487 F.Supp.2d 1009, 1013 (S.D. Ill. 2007).

    2.    On February 10, 2012, Plaintiff Michelle White filed an Amended Class Action Complaint against Defendant VNA in the U.S. District Court for the Southern District of Illinois.  Plaintiff White alleges she worked as a registered nurse for VNA in 2011.  Count I of Plaintiff White's Amended Complaint alleges a violation of the Fair Labor Standards Act ("FLSA") seeking redress for alleged failure by VNA to pay overtime to her and similarly situated current and former employees.  Plaintiff alleges a similar claim in Count II under the Illinois Minimum Wage Law (IMWL) on behalf of herself and a class of similarly situated current and former employees.  In Count II of the Amended Complaint, Plaintiff also alleges Defendant failed to pay Plaintiff and a proposed class of current and former employees overtime pay that was due and owing and that this was a violation of the Illinois Wage Payment and Collection Act (IWPCA).

    3.    Plaintiff White seeks to represents the following individuals for purposes of an FLSA collective action: "all individuals who were employed by Defendant as health care providers in the country at any time during the relevant statute of limitations period who worked more than forty (40) hours in a week, but did not receive overtime pay."  Plaintiff White is also seeking an order certifying this cause as a class action pursuant to Rule 23(b)(3) comprised of the following class: "[a]ll individuals who were employed by Defendant as Field RN Staff, Field LPN Staff, Field CAN Staff, and Therapy Staff in Illinois at any time during the relevant statute of limitations period who worked more than forty (40) hours in a week . . . but did not receive overtime pay."

    4.    The allegations brought against Defendant in case numbers 12-CV-00330, 12-CV-00331, and 12-CV-00332 are all filed by the same law firm and are nearly identical to the

allegations brought against Defendant by Plaintiff White. As in White v. VNA, case numbers 12-CV-00330, 12-CV-00331, and 12-CV-00332 all consist of allegations that Defendant violated the FLSA, IMWL, and the IWPCA by allegedly failing to pay the plaintiffs and other similarly situated current and former employees overtime pay.

5. In the Complaint in Case No. 12-CV-00330, filed by Plaintiff April Beck on April 26, 2012, Plaintiff Beck "seeks putative collective certification of . . . all current and former VNA-Tip LPNs who performed work for VNA-Tip's clients in the United States and may not have received overtime compensation for all hours worked in excess of 40 at any time during the last three years" as to her Count I FLSA claim. Plaintiff Beck also seeks "class certification pursuant to Fed. R. Civ. Pro. 23 of all current and former VNA-Tip LPNs who performed work for VNA-Tip's clients in Illinois and may not have received overtime compensation for all hours worked in excess of 40 at any time during the last three years" as to her Count II IMWL claim. Finally, Plaintiff Beck seeks "class certification pursuant to Fed. R. Civ. Pro. 23 of all current and former VNA-Tip LPNs who performed work for VNA-Tip's clients in Illinois and may not have received compensation for all hours worked at any time during the last three years" as to her Count III IWPCA claim.

6. In the Complaint in Case No. 12-CV-00331, filed by Plaintiff Gayle Hatfield on April 26, 2012, Plaintiff Hatfield "seeks putative collective certification of . . . all current and former VNA-Tip PTs who performed work for VNA-Tip's clients in the United States and did not receive overtime compensation for all hours worked in excess of 40 at any time during the last three years" as to her Count I FLSA claim. Plaintiff Hatfield also seeks "class certification pursuant to Fed. R. Civ. Pro. 23 of all current and former VNA-Tip PTs who performed work for VNA-Tip's clients in Illinois and did not receive overtime compensation for all hours worked in

excess of 40 at any time during the last three years" as to her Count II IMWL claim. Finally, Plaintiff Hatfield seeks "class certification pursuant to Fed. R. Civ. Pro. 23 of all current and former VNA-Tip PTs who performed work for VNA-Tip's clients in Illinois and did not receive compensation for all hours worked at any time during the last three years" as to her Count III IWPCA claim.

7. In the Complaint in Case No. 12-CV-00332, filed by Plaintiffs Michele Marlow and Tonya Smith on April 26, 2012, Plaintiffs Marlow and Smith "seek putative collective certification of . . . all current and former VNA-Tip Registered Nurses who performed work for VNA-Tip's clients in the United States and did not receive overtime compensation for all hours worked in excess of 40 at any time during the last three years" as to their Count I FLSA claim. Plaintiffs Marlow and Smith also seek "class certification pursuant to Fed. R. Civ. Pro. 23 of all current and former VNA-Tip Registered Nurses who performed work for VNA-Tip's clients in Illinois and did not receive overtime compensation for all hours worked in excess of 40 at any time during the last three years" as to her Count II IMWL claim. Finally, Plaintiff Hatfield seeks "class certification pursuant to Fed. R. Civ. Pro. 23 of all current and former VNA-Tip Registered Nurses who performed work for VNA-Tip's clients in Illinois and did not receive compensation for all hours worked at any time during the last three years" as to her Count III IWPCA claim.

8. Thus, the four above mentioned lawsuits clearly meet the threshold for Rule 42 consolidation inasmuch as the lawsuits involve many identical questions of law and fact and, in resolving such issues, all four cases will require the same witnesses for depositions and at trial. In fact, the four lawsuits clearly seek to represent the same current and former employees of Defendant through collective actions and class actions.

9. Consolidation of these four cases will result in convenience and economy for the parties involved as well as for this Court. Among other things, consolidation will prevent duplicative discovery and motion practice. Consolidation will also prevent inconsistent or incompatible rulings in the four related lawsuits.

10. Consolidation of these cases will not cause undue delay, confusion or prejudice for any parties involved in the cases inasmuch as none of the four lawsuits are past the initial stages of discovery and no depositions have been taken in any of the lawsuits. There is not a presumptive trial month in any of the four lawsuits.

WHEREFORE, for all the foregoing reasons, Defendant VNA respectfully requests this Court grant its Motion and enter an Order consolidating case number 3-11-cv-00971 with case numbers 12-CV-00330-DRH-PMF, 12-CV-00331-JPG-SCW, and 12-CV-00332-MJR-DGW as to both pretrial proceedings and trial.

Respectfully submitted,

McMAHON BERGER, P.C.

s/ Bryan D. LeMoine
Bryan D. LeMoine, 6275358
Brian M. O'Neal, 6287007
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 – Telephone
(314) 567-5968 – Facsimile
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 29, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF System, which sent notification of such filing to the following:

James G. Onder
Onder, Shelton, O'Leary & Peterson, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119

And

Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 West Wacker Drive, 14th Floor
Chicago, IL 60602

    I further certify that, on May 29, 2012, the foregoing was sent via first class mail to the following:

Peter S. Lubin
Ditommaso-Lubin, P.C.
17W 220 22nd Street, Suite 200
Oakbrook Terrace, IL 60181

                                            s/ Bryan D. LeMoine