IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

APRIL BECK, individually, and on
Behalf of All Others Similarly
Situated,

                Plaintiffs,

v.                                       Case No.: 12-CV-00330-DRH-PMF

VNA HOMECARE, INC., d/b/a VNA
TIP HOMECARE,

                Defendant.

---

GAYLE HATFIELD, individually, and on
Behalf of All Others Similarly
Situated,

                Plaintiffs,

v.                                       Case No.: 12-CV-00331-DRH-PMF

VNA HOMECARE, INC., d/b/a VNA
TIP HOMECARE,

                Defendant.

---

| | |
|---|---|
| MICHELE MARLOW AND TONYA SMITH, individually, and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | |
| v. | Case No.: 12-CV-00332-DRH-PMF |
| VNA HOMECARE, INC., d/b/a VNA TIP HOMECARE, | |
| Defendant. | |
| MICHELLE WHITE, individually, and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | |
| v. | Case No.: 11-CV-00971-DRH-PMF |
| VNA HOMECARE, INC., d/b/a VNA TIP HOMECARE, | |
| Defendant. | |

## ORDER APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES

This matter having come before the Court on the Class Counsels' and VNA's motion for approval of the settlement set forth in the Stipulation of Settlement dated July 21, 2013, and the exhibits attached thereto (the "Settlement Agreement"), relating to the above-captioned class and collective action (the "Litigation"), the Court having considered the submissions by the parties, its own review of the pleadings in this matter, and the Fairness Hearing held on November 25, 2013, IT IS HEREBY ORDERED:

1. For purposes of this Order, the Court adopts and incorporates herein the Settlement Agreement recently filed with the Court, including the definitions set forth therein.

2. This Court has jurisdiction over the subject matter of the Litigation, and over all parties to the Litigation, including all Class Members who did not timely exclude themselves from the Litigation.

3. The Court, having considered among other things the settlement amount, the releases, and dismissal of the Litigation as to Class Members' claims against VNA provided for in the Settlement Agreement, hereby approves the settlement set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class Members in accordance with Federal Rule of Civil Procedure 23, and directs implementation of its terms and provisions.

4. The Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members based upon, among other things, its familiarity with the Litigation, and upon the following findings of fact and conclusions of law:

   (a) The Litigation between the Class and VNA was at all times litigated in a competent, vigorous, and contested manner. Class Counsel provided vigorous and skillful representation to the Class Members, and was experienced and knowledgeable. VNA was also represented by experienced, skilled, and knowledgeable counsel.

   (b) The Settlement Agreement was negotiated at arms' length. The parties mediated their claims on May 1, 2013 and that led to extended negotiations before a final agreement was reached in July, 2013.

   (c) The Class Members faced a risk that they would not prevail in the Litigation and that one or more of the defenses asserted by Defendant would be sustained.

   (d) Prior to entering into the Settlement Agreement, the parties exchanged substantial formal and informal discovery. Thus, the parties were well-positioned to evaluate the settlement value of the Litigation, as well as the risks of continued litigation.

   (e) If the settlement had not been reached, the parties faced the expense, risk and uncertainty of continued litigation before this Court and on appeal. The Court takes no position on the merits of either party's case. The Court has considered the parties' positions on the merits and the risks of the Class Members' position in support of the fairness, reasonableness, and adequacy of the settlement.

(f) The amount of the settlement is fair, reasonable, and adequate, and it is appropriate in light of claimed maximum damages of the Class Members. The settlement amount is within the range of reasonable settlements that would have been appropriate in this case. The Court observed nothing to indicate a better settlement could or would have been obtained through continued litigation or other action.

(g) At all times, Class Plaintiffs and Class Counsel have acted independently.

5. The Court specifically finds that all Class Members who did not timely exclude themselves from the Litigation are bound by the Settlement Agreement, this Order, and the separate final judgment to be entered later.

6. Neither the Settlement Agreement, this Order, the separate final judgment to be entered later (or any of the terms or provisions of those documents), nor the fact of settlement, nor any of the proceedings or negotiations connected with settlement (or any of the documents, briefs or statements therein) shall be: (a) construed as a concession or admission by VNA (or any other Release) with respect to any of the released claims or be deemed evidence of any violation of any statue or law or of any liability, fault or wrongdoing with respect to any released claim; (b) offered or received against VNA as an admission of concession that recovery could be had in any amount should the Litigation not be settled; (c) construed as a concession or admission by Class Plaintiffs or any Class Member that their claims lack merit or that the defenses asserted by VNA have merit; (d) offered or received in evidence in any civil, criminal or administrative action, arbitration or other proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation of Settlement; provided, however, that VNA may file the Stipulation of Settlement, judgment and/or any release executed in connection therewith, in any action that may be brought against VNA in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

7. In accordance with the parties' motions, the Stipulation of Settlement is amended in each of the following particulars:

a. Section 5.02 is amended to include Mr. Scott Guschall receiving $2,500 as an incentive payment and the total for incentive payments is increased to $22,500.

b. Section 7.01 is amended to provide that the judgments in the Lawsuits shall not be entered until the Claims Administrator has provided

4

certification to the Court that VNA has submitted sufficient funds to meet its obligations under the Stipulation.

  c. Section 9.08 is amended to provide that dismissal with prejudice shall not be entered until the Claims Administrator has provided certification to the Court that VNA has submitted sufficient funds to meet its obligations under the Stipulation.

  d. Section 9.09 is amended to provide that the Claims Administrator shall provide the listing of the amount of payments to be made by VNA twenty (20) days after the Fairness Hearing.

  e. Section 9.10 is amended to provide that the Claims Administrator shall issue the incentive payments, and payments to the Class Members, within five (5) days of the Effective Date.

  f. Section 9.10 is amended to increase the time by which VNA must deposit sufficient funds to meet its obligations from 25 days to 90 days after the Fairness Hearing.

  g. Section 9.10 is amended to provide that within three (3) days after it has received from VNA sufficient funds to satisfy VNA's obligations under the Settlement Agreement the Claims Administrator will provide certification of that fact to Class Counsel and thereafter, as soon as practicable, Class Counsel shall file the Claims Administrator's certification, together with a stipulation that all four lawsuits be dismissed with prejudice.

  h. Section 10.02 is amended to provide that the Claims Administrator shall issue payment of attorneys' fees, costs and expenses within five (5) days of the Effective Date, as opposed to thirty (30) days.

 8. The Court finds that the notice given to Class Members was appropriate under the circumstances, properly informed them of the proposed settlement and the proceedings to be followed in connection with its approval, and constituted valid, due, and sufficient notice to all Class Members, complying fully with Federal Rule of Civil Procedure 23, the United States Constitution, and all other legal requirements.

 9. The Class is defined pursuant to Rule 23(c)(3), and as defined in the Court's Order of August 2013, means the following:

"All Plaintiffs and all similarly-situated individuals who worked as healthcare providers for VNA HomeCare, Inc. in Illinois and Missouri between April 26, 2009 and May 31, 2013 ("Class Period"). "Healthcare Providers" shall mean all persons who worked for VNA at any time during the Class Period in any of the following positions: (1) Registered Nurses (RNs); (2) Licensed Practical Nurses (LPNs); (3) Certified Occupational Therapy Assistants (COTAs); (4)

Occupational Therapists (OTs); (5) Physical Therapists (PTs); (6) Physical Therapy Assistants (PTAs); (7) Speech Therapists (STs); (8) Home Health Aides (HHAs); and (9) Certified Nursing Aides (CNAs)."

The Final List of Class Members (filed separately under seal on November 15, 2013) is comprised of all individuals on the List of Class Members who did not timely exclude themselves from the Litigation.

10. All Class Members receiving a Settlement Payment will receive an Internal Revenue Service form W-2 for all 50% of the amounts paid under the Settlement Agreement and a W-9 for all other payments. Settlement Payments shall be subject to all required and customary payroll taxes (federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions, including pension contributions). VNA shall pay the employer's portion of state and federal payroll taxes for the Settlement Payment, and the Settlement Administrator shall deduct the employee share of all required payroll taxes of the Claimants and Class Representatives from the Settlement Payments.

11. The Court has considered Class Counsel's Motion for Attorneys' Fees and Costs, as well as the record in the Litigation. The Court approves payment to Class Counsel of $270,000.00 in attorneys' fees and $15,000.00 in reimbursement of litigation costs and expenses, to be paid in accordance with the Settlement Agreement. The amount of fees is appropriate under the percentage of recovery method of fee computation. In making this determination, the Court further finds and concludes and bases its determination on the recognition that settlement funds available to Class Members were created by the efforts of Class Counsel, for which they are entitled to compensation.

In this case, the Class was represented by attorneys from four separate law firms, Maduff & Maduff, LLC, Touhy, Touhy & Buehler, DiTommaso-Lubin P.C., and Onder Shelton O'Leary & Peterson LLC. These four law firms have analyzed the work each has done and the value of that work in reaching the settlement here. They have unanimously agreed that an appropriate division of the $270,000.00 of attorneys' fees should be $137,000.00 to Maduff & Maduff, and $133,000.00 jointly to the remaining three firms. At this time, the aggregate of costs and expenses incurred by all four law firms is $13,735.33, but additional costs and expenses will likely be incurred by Class Counsel before the remaining work on the case is completed. Therefore, the Court directs Class Counsel to submit their expenses directly to the Claims Administrator at the conclusion of the case and Orders the Claims Administrator to reimburse Class Counsel for those costs and expenses up to a maximum of $15,000.00.

12. Without affecting the finality of this judgment in any way, the Court hereby retains exclusive jurisdiction over any and all issues, cases or matters relating to or concerning the administration, effectuation, and enforcement of the Settlement Agreement, and the parties, Class Members and counsel in connection therewith, and for such other matters as may properly come before it.

Dated: November 26, 2013

Digitally signed by David R. Herndon
Date: 2013.11.26 08:48:55 -06'00'

Chief Judge
United States District Court